## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| G-I HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendant. | CIVIL ACTION NO. 11-00459 |

### AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, CENTURY INDEMNITY COMPANY, TO PLAINTIFF'S COMPLAINT

Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by and through its undersigned counsel, submits its Amended Answer and Affirmative Defenses to the Complaint of Plaintiff G-I Holdings, Inc. ("G-I Holdings") pursuant to Federal Rule of Civil Procedure 15(a), and in support thereof, alleges as follows:

1. Century denies the allegations contained in paragraph 1 of the Complaint.

2. Century denies the allegations contained in paragraph 2 of the Complaint and further states that the subject insurance policies and 1987 Defense Agreement referred to in paragraph 2 of the Complaint are documents that are in writing and speak for themselves.

3. Century admits that it has funded the defense of underlying asbestos-in-buildings cases against GAF Corporation and/or its predecessor in interest. Century lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 3 of the Complaint and therefore denies those allegations. Further, the remaining

allegations contained in paragraph 3 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century.

4.    Century admits that underlying asbestos-in-buildings cases which Century was funding the defense of were stayed as a result of the filing of the G-I Holdings bankruptcy. It is further admitted that a Plan of Reorganization was issued by the court in the bankruptcy proceeding in 2009. Century lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 4 of the Complaint and therefore denies those allegations. Further, the allegations contained in paragraph 4 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century. Additionally, to the extent that the allegations contained in paragraph 4 of the Complaint refer to documents (including but not limited to the Plan of Reorganization), Century respectfully refers to those documents which are in writing and speak for themselves.

5.    Century admits that it has not paid expenses allegedly incurred by G-I Holdings for defense of the NYCHA Claim. Century admits that it has taken the position that (among other things) G-I Holdings is not a beneficiary to the 1987 Defense Agreement which, instead, only applies to GAF Corporation and its predecessors. Century specifically denies, however, that it has asserted "baseless" objections with respect to any request for reimbursement of expenses incurred by G-I Holdings for defense of the NYCHA Claims. The remaining allegations contained in paragraph 5 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century. Additionally, to the extent that the allegations contained in paragraph 5 of the Complaint refer to documents (including but not limited to the 1987 Defense Agreement), Century respectfully refers to those documents which are in writing and speak for themselves.

6.      Century admits that it has questioned the reasonableness of the hourly rates charged by G-I Holdings' defense counsel, as well as the use of multiple law firms to defend the same claim. Century further admits that it has not reimbursed expenses allegedly incurred by G-I Holdings for defense of the NYCHA Claim. The remaining allegations contained in paragraph 6 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century. Additionally, to the extent that the allegations contained in paragraph 6 of the Complaint refer to documents, Century respectfully refers to those documents which are in writing and speak for themselves.

7.      Century denies the allegations contained in paragraph 7 of the Complaint.

8.      Century admits that G-I Holdings seeks certain damages as alleged in paragraph 8 of the Complaint. Century denies that G-I Holdings is entitled to the damages or relief requested.

9.      Century admits that G-I is a Delaware corporation with its principal place of business in Wayne, New Jersey. Century denies the remaining allegations contained in paragraph 9 of the Complaint.

10.     Century admits that Century is a Pennsylvania corporation with its principal place of business at 436 Walnut Street, Philadelphia, PA 19106. Century also admits that it is the successor to CCI Insurance Company, as successor to Insurance Company of North America with respect to the policies which are identified in the Complaint. Otherwise, Century denies the allegations contained in paragraph 10 of the Complaint.

11.     Century admits that it is incorporated under the laws of the Commonwealth of Pennsylvania. To the extent that the remaining allegations contained in paragraph 11 of the Complaint constitute conclusions of law, no response is required and said allegations are denied.

12.     Century admits that the amount in controversy between the parties exceeds $75,000.   To the extent that the remaining allegations contained in paragraph 12 of the Complaint constitute conclusions of law, no response is required and said allegations are denied.

13.     Century admits that it is a resident of the Commonwealth of Pennsylvania.  To the extent that the remaining allegations contained in paragraph 13 of the Complaint constitute conclusions of law, no response is required and said allegations are denied.

14.     The allegations contained in paragraph 14 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century. Additionally, to the extent that the allegations contained in paragraph 14 of the Complaint refer to documents, Century respectfully refers to those documents which are in writing and speak for themselves.

15.     The allegations contained in paragraph 15 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century. Additionally, to the extent that the allegations contained in paragraph 15 of the Complaint refer to documents, Century respectfully refers to those documents which are in writing and speak for themselves.

16.     The allegations contained in paragraph 16 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century. Additionally, to the extent that the allegations contained in paragraph 16 of the Complaint refer to documents, Century respectfully refers to those documents which are in writing and speak for themselves.

17.     Century admits only that the insurance policies listed on Exhibit A to the Complaint were issued to certain insureds as set forth in the policies.   Century denies the

remaining allegations contained in paragraph 17 of the Complaint and respectfully refers to the documents for the relevant terms and conditions which are in writing and speak for themselves.

18.     Century denies the allegations contained in paragraph 18 of the Complaint and respectfully refers to the policies for the relevant terms and conditions which are in writing and speak for themselves.

19.     The allegations contained in paragraph 19 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century. Century further refers to the policies for the relevant terms and conditions which are in writing and speak for themselves.

20.     Century denies the allegations contained in paragraph 20 of the Complaint and respectfully refers to the policies for the relevant terms and conditions which are in writing and speak for themselves.

21.     The allegations contained in paragraph 21 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century. Century further refers to the policies for the relevant terms and conditions which are in writing and speak for themselves.

22.     The allegations contained in paragraph 22 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century. Century further refers to the policies for the relevant terms and conditions which are in writing and speak for themselves.

23.     The allegations contained in paragraph 23 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century. Century further refers to the policies for the relevant terms and conditions which are in writing and speak for themselves.

24.     Century admits that it was advised of some underlying asbestos-in-buildings claims during the 1980s against GAF Corporation, and its predecessor in interest, that Century agreed to provide a defense to certain of those claims under a reservation of rights, and that there was a declaratory judgment action between GAF Corporation, on the one hand, and various insurers, on the other, with respect to the scope of defense and indemnity obligations for underlying asbestos-in-buildings claims, which was resolved in part by the 1987 Defense Agreement.  The remaining allegations contained in paragraph 24 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century.  Additionally, to the extent that the allegations contained in paragraph 24 of the Complaint refer to documents, Century respectfully refers to those documents which are in writing and speak for themselves.

25.     It is admitted only that certain parties, including Century, entered into the 1987 Defense Agreement.  The remaining allegations contained in paragraph 25 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century.  Additionally, to the extent that the allegations contained in paragraph 25 of the Complaint refer to a document, Century respectfully refers to that document which is in writing and speaks for itself.

26.     Century denies the allegations contained paragraph 26 of the Complaint and respectfully refers to the subject agreement which is in writing and speak for itself.

27.     The allegations contained in paragraph 27 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century. Century further refers to the policies and 1987 Defense Agreement for the relevant terms and conditions which are in writing and speak for themselves.

28.    It is admitted only that, at certain times, Century made payments for certain defense expenses associated with certain building cases involving GAF and/or Ruberoid. The remaining allegations contained in paragraph 28 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century.

29.    The allegations contained in paragraph 29 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century. Additionally, to the extent that the allegations contained in paragraph 29 of the Complaint refer to documents, Century respectfully refers to those documents which are in writing and speak for themselves.

30.    Admitted.

31.    It is admitted only that, at certain times, Century made payments for certain defense expenses associated with certain building cases involving GAF and/or Ruberoid. The remaining allegations contained in paragraph 31 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century.

32.    Century admits that there were proofs of claim filed in the G-I Holdings' bankruptcy proceeding relating to certain building cases. It is denied that Century agreed to defend G-I Holdings with respect to any of those proofs of claims. To the extent that the remaining allegations contained in paragraph 32 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, Century denies those allegations.

33.    Century admits that NYCHA filed a proof of claim in the G-I Holdings' bankruptcy proceeding in or about October 2008. Century specifically denies that it was aware of the filing of the proof of claim at the time it was filed in or about October 2008. Further, to the extent that the allegations contained in paragraph 33 of the Complaint refer to a document (including but not limited to the proof of claim), Century respectfully refers to the document

which is in writing and speaks for itself. Further, the allegations contained in paragraph 33 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century.

34.     Century specifically denies that it was aware of the NYCHA Claim prior to January 2009. Further, to the extent that the allegations contained in paragraph 34 of the Complaint refer to a document, Century respectfully refers to the document which is in writing and speaks for itself.

35.     Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and therefore denies those allegations.

36.     Century admits that: (a) G-I Holdings filed an objection to the NYCHA Claim; (b) the objection was granted in part and denied in part; (c) certain of the legal fees incurred by G-I Holdings with respect to the objection were approved by the bankruptcy court, which approval was not a binding determination of reasonableness to the extent that G-I Holdings was going to seek reimbursement from Century; and (d) G-I Holdings made a claim to Century for reimbursement of defense costs allegedly incurred by G-I Holdings in defending the NYCHA Claim. Century further responds that Century lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 36 of the Complaint, and therefore denies those allegations. Further to the extent that the allegations contained in paragraph 36 of the Complaint refer to documents, which are not confidential documents subject to protection under Federal Rule of Evidence 408, Century respectfully refers to those documents which are in writing and speak for themselves.

37.     Century admits that the first time it became aware of the NYCHA Claim was in January 2009 when G-I Holdings contacted Century and mentioned that it wanted to discuss

payment of legal fees relating to the claim and that a copy of the proof of claim (without exhibits) was transmitted by G-I Holdings to Century, for the first time, in February 2009. Century further admits that it sent a letter to G-I Holdings dated April 10, 2009, reserving its rights with respect to the NYCHA Claim and requesting information from G-I Holdings which led to a series of communications between G-I Holdings and Century concerning the NYCHA Claim.  The remaining allegations contained in paragraph 37 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century. Further, to the extent that the allegations contained in paragraph 37 of the Complaint refer to documents, which are not confidential documents subject to protection under Federal Rule of Evidence 408, Century respectfully refers to those documents which are in writing and speak for themselves.

38.     Century admits only that, at certain times, G-I forwarded information about the defense expenses concerning the NYCHA Claim.  The allegations contained in paragraph 38 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century.  Further, to the extent that the allegations contained in paragraph 38 of the Complaint refer to documents, which are not confidential documents subject to protection under Federal Rule of Evidence 408, Century respectfully refers to those documents which are in writing and speak for themselves.

39.     Century admits that, on August 20, 2009, its counsel sent a letter to G-I Holdings' counsel which (a) continued to reserve Century's rights concerning G-I Holdings' reimbursement requests with respect to the NYCHA Claim, and (b) set forth a number of objections and raised a number of concerns with respect to the NYCHA Claim.  To the extent that the remaining allegations contained in paragraph 39 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, they are denied by Century.  Further, to the

9

extent that the allegations contained in paragraph 39 of the Complaint refer to documents, which are not confidential documents subject to protection under Federal Rule of Evidence 408, Century respectfully refers to those documents which are in writing and speak for themselves.

40.    Century admits that, on November 5, 2009, G-I Holdings' counsel sent a letter to Century's counsel first responding to the August 20, 2009 letter from Century's counsel. To the extent that the remaining allegations contained in paragraph 40 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, they are denied by Century. Further, to the extent that the allegations contained in paragraph 40 of the Complaint refer to documents, which are not confidential documents subject to protection under Federal Rule of Evidence 408, Century respectfully refers to those documents which are in writing and speak for themselves.

41.    Century admits that, on December 4, 2009, its counsel sent a letter to G-I Holdings' counsel, which continued to reserve Century's rights with respect to the NYCHA Claim, and reiterated that there were still issues (among others) as to whether: (a) the 1987 Defense Agreement applied (and, if so, whether invoices were properly submitted under the 1987 Defense Agreement); (b) Century was obligated to reimburse defense costs, if any, which were incurred before Century was provided notice or tender of the claim; (c) the defense costs were unreasonable because of the use of multiple law-firms and excessive hourly rates; and (d) certain time entries on the invoices were associated with the NYCHA Claim. Additionally, Century admits that it reiterated its request for information that G-I Holdings had not yet provided. To the extent that the remaining allegations contained in paragraph 41 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, they are denied by Century. Further, to the extent that the allegations contained in paragraph 41 of the Complaint refer to documents, which are not confidential documents subject to protection under

10

Federal Rule of Evidence 408, Century respectfully refers to those documents which are in writing and speak for themselves.

42.     Century denies the allegations contained in paragraph 42 of the Complaint.

43.     It is admitted only that, at certain times, Century made payments for certain defense expenses associated with certain building cases involving GAF and/or Ruberoid. Century denies the remaining allegations contained in paragraph 43 of the Complaint.

44.     Century admits that, on December 31, 2009, G-I Holdings' counsel sent a letter to Century's counsel. To the extent the remaining allegations contained in paragraph 44 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, they are denied by Century. Further, to the extent that the allegations contained in paragraph 44 of the Complaint refer to documents, which are not confidential documents subject to protection under Federal Rule of Evidence 408, Century respectfully refers to those documents which are in writing and speak for themselves.

45.     Century admits that it has not made payment to G-I Holdings with respect to defense expenses allegedly incurred in connection with the NYCHA Claim, but denies that it is obligated to make payment based upon the terms, conditions and other provisions of the 1987 Defense Agreement and/or insurance policies referred to in the Complaint. Further, to the extent the remaining allegations contained in paragraph 45 of the Complaint are G-I Holdings' own characterizations, generalized and non-specific, they are denied by Century.

46.     Century admits that the bankruptcy court issued a decision on December 14, 2010, disallowing certain aspects of the NYCHA proof of claim. To the extent the allegations contained in paragraph 46 of the Complaint refer to documents (including the December 14, 2010 decision), Century respectfully refers to those documents which are in writing and speak for themselves. Further, the allegations contained in paragraph 46 of the Complaint are G-I

11

Holdings' own characterizations, generalized and non-specific, and are therefore denied by Century.

47.   Century denies the allegations contained in paragraph 47 of the Complaint.

48.   Century denies the allegations contained in paragraph 48 of the Complaint.

49.   Century denies the allegations contained in paragraph 49 of the Complaint.

50.   Century denies the allegations contained in paragraph 50 of the Complaint.

51.   Century lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 51 of the Complaint, and therefore denies those allegations.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT OF THE INA POLICIES**
**Duty to Defend**

52.   Century repeats and incorporates herein by reference the answers contained in the foregoing paragraphs 1-51 as if fully set forth herein.

53.   Century denies the allegations contained in paragraph 53 of the Complaint.

54.   Century denies the allegations contained in paragraph 54 of the Complaint.

55.   Century lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 55 of the Complaint, and therefore denies those allegations.

56.   Century lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 56 of the Complaint, and therefore denies those allegations.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT – 1987 Defense Agreement
## Duty to Defend

57.     Century repeats and incorporates herein by reference the answers contained in the foregoing paragraphs 1-56 as if fully set forth herein.

58.     Century denies the allegations contained in paragraph 58 of the Complaint.

59.     Century denies the allegations contained in paragraph 59 of the Complaint.

60.     Century lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 60 of the Complaint, and therefore denies those allegations.

61.     Century lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 61 of the Complaint, and therefore denies those allegations.

62.     Century lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 62 of the Complaint, and therefore denies those allegations.

## THIRD CAUSE OF ACTION
## Bad Faith – Failure To Defend

63.     Century repeats and incorporates herein by reference the answers contained in the foregoing paragraphs 1-62 as if fully set forth herein.

64.     Century denies the allegations contained in paragraph 64 of the Complaint.

65.     Century lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 65 of the Complaint, and therefore denies those allegations.

66.     Century denies the allegations contained in paragraph 66 of the Complaint.

67.     Century denies the allegations contained in paragraph 67 of the Complaint.

## FOURTH CAUSE OF ACTION
### Bad Faith – Failure to Process Claim

68.     Century repeats and incorporates herein by reference the answers contained in the foregoing paragraphs 1-67 as if fully set forth herein.

69.     Century denies the allegations contained in paragraph 69 of the Complaint.

70.     Century lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 70 of the Complaint, and therefore denies those allegations.

71.     Century denies the allegations contained in paragraph 71 of the Complaint.

72.     Century denies the allegations contained in paragraph 72 of the Complaint.

## FIFTH CAUSE OF ACTION
### Breach of Fiduciary Duty

73.     Century repeats and incorporates herein by reference the answers contained in the foregoing paragraphs 1-72 as if fully set forth herein.

74.     Century denies the allegations contained in paragraph 74 of the Complaint and further states that the allegations contained in paragraph 74 of the Complaint refer to documents and Century respectfully refers to those documents which are in writing and speak for themselves.

75.     Century denies the allegations contained in paragraph 75 of the Complaint.

76.     Century denies the allegations contained in paragraph 76 of the Complaint.

77.     Century denies the allegations contained in paragraph 77 of the Complaint.

78.     Century lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 78 of the Complaint, and therefore denies those allegations.

79.     Century denies the allegations contained in paragraph 79 of the Complaint.

80.     Century denies the allegations contained in paragraph 80 of the Complaint.

**SIXTH CAUSE OF ACTION**
**Declaratory Judgment – Duty to Defend**

81.     Century repeats and incorporates herein by reference the answers contained in the foregoing paragraphs 1-80 as if fully set forth herein.

82.     Century denies the allegations contained in paragraph 82 of the Complaint and further states that the allegations contained in paragraph 82 of the Complaint refer to documents and Century respectfully refers to those documents which are in writing and speak for themselves.

83.     Century denies the allegations contained in paragraph 83 of the Complaint and further states that the allegations contained in paragraph 83 of the Complaint refer to documents and Century respectfully refers to those documents which are in writing and speak for themselves.

84.     Century denies the allegations contained in paragraph 84 of the Complaint.

85.     Century admits that a controversy exists with respect to the parties' rights and obligations under the insurance policies, and otherwise denies the allegations contained in paragraph 85 of the Complaint.

**SEVENTH CAUSE OF ACTION**
**Declaratory Judgment – Duty to Defend Under the 1987 Defense Agreement**

86.     Century repeats and incorporates herein by reference the answers contained in the foregoing paragraphs 1-85 as if fully set forth herein.

87.     Century denies the allegations contained in paragraph 87 of the Complaint and further states that the allegations contained in paragraph 87 of the Complaint refer to a document and Century respectfully refers to the document which is in writing and speaks for itself.

15

88.     Century denies the allegations contained in paragraph 88 of the Complaint.

89.     Century admits that a controversy exists with respect to the parties' rights and obligations under the 1987 Defense Agreement, and otherwise denies the allegations contained in paragraph 89 of the Complaint.

## EIGHT CAUSE OF ACTION
### Declaratory Judgment – Duty to Indemnify

90.     Century repeats and incorporates herein by reference the answers contained in the foregoing paragraphs 1-89 as if fully set forth herein.

91.     Century denies the allegations contained in paragraph 91 of the Complaint and further states that the allegations contained in paragraph 91 of the Complaint refer to documents and Century respectfully refers to those documents which are in writing and speak for themselves.

92.     Century denies the allegations contained in paragraph 92 of the Complaint and further states that the allegations contained in paragraph 92 of the Complaint refer to documents and Century respectfully refers to those documents which are in writing and speak for themselves.

93.     Century denies the allegations contained in paragraph 93 of the Complaint.

94.     Century admits that a controversy exists with respect to the parties' rights and obligations under the insurance policies, and otherwise denies the allegations contained in paragraph 94 of the Complaint.

## AFFIRMATIVE DEFENSES

Century asserts the following defenses with respect to the Complaint.  Nothing herein may be construed to suggest that Century bears the burden of proof on any of the issues set forth below.  As Plaintiff's Complaint does not set forth sufficient facts to allow Century to determine

all potential affirmative defenses, Century hereby reserves the right to amend and/or supplement its Answer to Plaintiff's Complaint to assert any and all pertinent affirmative defenses ascertained through discovery in this action or by any other means.

### First Affirmative Defense

The Plaintiff's Complaint fails to state a claim against Century for which relief may be granted.

### Second Affirmative Defense

The Plaintiff's Complaint fails to state the existence of an actual, justiciable controversy with respect to Century which would be ripe for adjudication by the Court.

### Third Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, by prior payments, exhaustion and/or impairment of the applicable limits of the policies of insurance.

### Fourth Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, by the doctrines of waiver, laches, and/or unclean hands.

### Fifth Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, to the extent that the events which give rise to the alleged claims at issue do not constitute an "accident" or "occurrence" within the meaning of the policies.

### Sixth Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, to the extent that the NYCHA Claim involves damage to "your product" or "your work" within the meaning of the policies.

### Seventh Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, to the extent that the NYCHA Claim at issue does not constitute a "suit" within the meaning of the policies.

### Eighth Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, to the extent that the NYCHA Claim at issue does not involve sums which the insured shall become legally obligated to pay because of "property damage" within the meaning of the policies.

### Ninth Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, to the extent that the NYCHA Claim relates to declaratory, restitutionary, injunctive or equitable relief and, therefore, does not constitute a claim for "damages" within the meaning of the insurance policies.

### Tenth Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, to the extent that the NYCHA Claim at issue involves or arises out of loss or damage that was not contingent, unknown or fortuitous.

### Eleventh Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, to the extent that the NYCHA Claim arises out of damage that did not take place during the effective dates of the policies.

### Twelfth Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in

whole or in part, to the extent that the NYCHA Claim involves or arises out of any contractual liability assumed by or on behalf of the insured.

### Thirteenth Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, to the extent that the NYCHA Claim involves payments voluntarily made by or on behalf of the insured, including but not limited to expenses, costs or fees paid by or on behalf of the insured with respect to the NYCHA Claim prior to the claim being tendered to Century.

### Fourteenth Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, to the extent that the NYCHA Claim involves or arises out of losses in progress and/or risks or losses known to the insured prior to the inception date of the insurance policies.

### Fifteenth Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, to the extent that the insured has failed to comply with policy conditions, including the requirements that the insured give proper and timely notice to Century and/or the duty to cooperate with Century.

### Sixteenth Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred to the extent that the Plaintiff or anyone acting on its behalf assumed any obligations or incurred expenses and/or improperly assigned or attempted to convey any interest in the subject policies, without the prior knowledge, approval and consent of Century.

### Seventeenth Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, to the extent that the Plaintiff has failed to mitigate or avoid any of its alleged losses or damages.

### Eighteenth Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, to the extent that the NYCHA Claim involves fines, penalties and/or punitive or exemplary damages. The Century policies do not indemnify for punitive assessments intended to deter illegal conduct, or for fines, penalties, and/or punitive or exemplary damages, which are not damages incurred because of "property damage" within the meaning of the policies and which are or may be uninsurable under applicable law and public policy.

### Nineteenth Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, to the extent that the NYCHA Claim arises out of injury or damage caused by the insured's wrongful, intentional or illegal conduct, or involves the violation of any statute, regulation, ordinance or public policy.

### Twentieth Affirmative Defense

The Century policies do not provide insurance coverage to any person or entity not specifically identified as a named insured or that does not otherwise qualify as an insured under such policies.

### Twenty-First Affirmative Defense

To the extent that the Century policies are subject to a deductible, self-insured retention or retained limit, any obligation of Century to provide coverage under any such policies (which alleged obligation is denied) applies only in excess of such deductible, self-insured retention or

retained limit, and/or Century may be entitled to reimbursement of such deductible, self-insured retention or retained limit.

### Twenty-Second Affirmative Defense

Coverage (if any, which is denied) under the Century policies is or may be barred, in whole or in part, to the extent that the insured has impaired any subrogation, indemnity or contribution rights of Century.

### Twenty-Third Affirmative Defense

To the extent that any other valid and collectible insurance is available to Plaintiff for or in connection with the NYCHA Claim, the Century policies would apply, if at all, only to the extent provided in the "other insurance" clause contained within such policies.

### Twenty-Fourth Affirmative Defense

Coverage (if any, which is denied) under the Century policies for defense costs would cease upon the exhaustion of either the per accident/occurrence limit-of-liability or any applicable "aggregate" limit-of-liability.

### Twenty-Fifth Affirmative Defense

Coverage (if any, which is denied) under the Century policies for defense costs relating to the NYCHA Claim is barred to the extent that the costs are not reasonable and necessary.

### Twenty-Sixth Affirmative Defense

Century did not breach any purported fiduciary duty in connection with the NYCHA Claim.

### Twenty-Seventh Affirmative Defense

An insurer such as Century does not owe a "fiduciary duty" to an insured under the applicable law and, therefore, Plaintiff fails to state a claim for breach of fiduciary duty against Century.

### Twenty-Eighth Affirmative Defense

The purported claims for "bad faith" are barred to the extent that the insured has failed to discharge its reciprocal duty of good faith and fair dealing.

### Twenty-Ninth Affirmative Defense

The purported claims for "bad faith" are barred to the extent that it is determined that at all time relevant hereto Century did not engage in conduct which was outrageous, intentional, malicious and/or willful.

### Thirtieth Affirmative Defense

Plaintiff fails to state a claim under 42 Pa. C.S. § 8371.

### Thirty-First Affirmative Defense

Plaintiff's claims under 42 Pa. C.S. § 8371 are not applicable as against Century.

### Thirty-Second Affirmative Defense

The purported claims for "bad faith" and breach of fiduciary duty are barred to the extent that, at all times relevant hereto, Century acted reasonable under the applicable law.

### Thirty-Third Affirmative Defense

Century denies that the 1987 Defense Agreement applies to the NYCHA Claim, but if it does apply, Plaintiff's claims under the 1987 Defense Agreement are barred for lack of consideration.

### Thirty-Fourth Affirmative Defense

Century denies that the 1987 Defense Agreement applies to the NYCHA Claim, but if it does apply, Plaintiff's claims under the 1987 Defense Agreement are barred or limited to the extent that the NYCHA Claim does not involve a "Building Case" as that term is used or defined in the 1987 Defense Agreement.

### Thirty-Fifth Affirmative Defense

Century denies that the 1987 Defense Agreement applies to the NYCHA Claim, but if it does apply, Plaintiff's claims are barred to the extent that any of the defense costs relating to the NYCHA Claim are not reasonable and necessary.

### Thirty-Sixth Affirmative Defense

Century denies that the 1987 Defense Agreement applies to the NYCHA Claim, but if it does apply, Plaintiff's claims are barred to the extent that Plaintiff failed to properly provide Century with the statements for the alleged attorneys' fees and other defense expenses as required pursuant to the 1987 Defense Agreement.

### Thirty-Seventh Affirmative Defense

Century denies that the 1987 Defense Agreement applies to the NYCHA Claim, but if it does apply, Plaintiff's claims are barred by the Plaintiff's failure to comply with the terms and conditions of the 1987 Defense Agreement.

**WHEREFORE,** Century demands judgment in its favor as follows:

a.      That the Court enter an Order that Century has no defense and/or indemnity obligations under the insurance policies for or in connection with the NYCHA Claim;

b.      That the Court enter an Order that Century has no defense obligation under the 1987 Defense Agreement for or in connection with the NYCHA Claim;

c.      That the Court enter an Order dismissing the Plaintiff's Complaint with prejudice as to Century; and

d.   That the Court enter an Order awarding Century its costs, including reasonable attorneys' fees and such other relief as the Court deems just and proper.

Dated: April 7, 2011

WHITE & WILLIAMS LLP

By:_____
Patricia B. Santelle
Gregory S. Capps

1650 Market Street
One Liberty Place
Suite 1800
Philadelphia, PA 19103-7395
(Tel) 215.864.7182

Attorneys for Defendant

24

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2011, I caused a true and correct copy of the

Answer and Affirmative Defenses of Defendant Century Indemnity Company, as successor to

CCI Insurance Company, as successor to Insurance Company of North America to be served via

the court's electronic filing system (or separate e-mail) upon the following counsel for Plaintiff:

Lee M. Esptein, Esquire
FRIED & EPSTEIN LLP
Constitution Place
325 Chestnut Street, Suite 900
Philadelphia, PA 19106

Robin L. Cohen, Esquire
Sheri E. Hametz, Esquire
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019-6799

WHITE & WILLIAMS LLP

By: _____
Gregory S. Capps
1650 Market Street
One Liberty Place
Suite 1800
Philadelphia, PA 19103-7395
(Tel) 215.864.7182

Attorneys for Defendant
Century Indemnity Company, as
successor to CCI Insurance
Company, as successor to Insurance
Company of North America