IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| G-I HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendant. | Civ. A. No. 11-00459 |

## STIPULATION AND ORDER CONCERNING CONFIDENTIAL DOCUMENTS AND THE INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS

This matter having come before the Court by stipulation of G-I Holdings, Inc. and Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c), governing (1) the review, copying, dissemination and filing of confidential and/or proprietary documents and information by any Party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below and (2) the preservation of each Party's claims of privilege or confidentiality in the event of inadvertent production of privileged or confidential materials to the extent set forth below; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown,

IT IS hereby ORDERED that:

1.  This Stipulation is being entered into to facilitate the discovery, production, exchange, filing and discussion of documents and information that either Party asserts to merit

1

confidential treatment ("Confidential Information," as that term is hereinafter defined), and to preserve each Party's claims of privilege or confidentiality in the event of inadvertent production of privileged or confidential materials.

2. As used herein:

A. **"Confidential Information"** shall mean all Documents, and all information contained therein, and other information designated as confidential, if such Documents contain trade secrets, proprietary business information, competitively sensitive information, litigation and settlement information, or other information deemed confidential by the Producing Party, including, but not limited to, any confidential commercial information that falls within the scope of Fed. R. Civ. P. 26(c)(1)(G), which the Producing Party identified as Confidential.

B. **"Disclosed"** means shown, divulged, revealed, produced, described, or transmitted, in whole or in part.

C. **"Document(s)"** includes all tangible, written, recorded or graphic material, and intangible data files, such as magnetic computer files, whether produced or created by a Party or another person, and whether produced pursuant to any state or federal discovery rules, by agreement or otherwise, and includes without limitation, interrogatory answers, responses to requests for admission, responses to requests for production of documents, deposition transcripts and exhibits, trial transcripts or other court transcripts, pleadings, motions, affidavits, declarations, affirmations, briefs or other filings, and any portion of the above.

D. **"Party"** means a named plaintiff or defendant in this action and their parents, subsidiaries, affiliates, employees or designated representatives.

E. **"Producing Party"** shall mean the parties to this action and any third-parties producing Confidential Information in connection with depositions, document production or otherwise, or the party asserting confidentiality as to documents produced or provided pursuant to any relationship between the parties, as the case may be.

F. **"Receiving Party"** shall mean the party to this action and/or any non-party receiving Confidential Information in connection with depositions, document production or otherwise.

G. **"Third Party"** means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3. Either Party may designate all or any part of a Document as containing Confidential Information either by stamping, placing or affixing to a Document (in such manner

as will not interfere with the legibility thereof) the word "CONFIDENTIAL" (or similar designation) on each page of the document entitled to such designation, or by advising the Party(ies) receiving the Documents at the time of production that such Documents are being designated as Confidential Information through identification by Bates-range.

4. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be disclosed to any person or entity except to:

A. the Parties to this action, including those present employees of each Party (including personnel of any claims servicing or management company or agency acting on behalf of a Party);

B. former employees of the Parties (including personnel of any claims servicing or management company or agency acting on behalf of a Party) assisting counsel in this action;

C. counsel for the Parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) assisting counsel in connection with this action;

D. litigation support services, including outside copying services;

E. reinsurers, retrocessionaires, reinsurance intermediaries, auditors and accountants and regulators of the Parties;

F. deponents, trial witnesses and hearing witnesses in this action;

G. outside consultants or experts retained for the purpose of assisting counsel in this action (whether or not retained to testify);

H. the Court and court personnel, subject to paragraph 11 below;

I. court reporting personnel involved in taking or transcribing testimony in this action;

J. any person identified as an author of a Document designated as containing Confidential Information, or any person to whom a copy of such Document was sent prior to its production in this action;

K. any other person agreed to by the Parties.

5. Notwithstanding the provisions of paragraph 4 hereto, a person or Party is free to disclose its own Confidential Information without restriction. Moreover, nothing shall prevent disclosure beyond the terms of this Order if the Party or person designating Confidential Information expressly consents to such disclosure, either in writing or on the record of any

3

proceeding in this Action.

6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and any appeal therefrom and for no other purpose.

7. Before a Party discloses Confidential Information to any person pursuant to paragraph 4(B), (F) or (G) hereof, counsel for such Party shall provide a copy of this Order to such person and require such person to execute an agreement substantially in the form attached hereto as Exhibit A. Execution of that agreement confirms the signatory's understanding of this Order, and agreement to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate. Copies of such agreements shall be held by counsel for the Party disclosing such Confidential Information. The agreements executed pursuant to this paragraph shall only be discoverable upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this Order.

8. Transcripts of depositions taken in this action, whether the deposition of a witness of a Party or non-party, shall be given the protections afforded Confidential Information under this Order for a period of twenty (20) days after a complete copy of the transcript has been provided to the deponent or his or her counsel in order to give the Parties and the deponent an opportunity to designate information contained in the transcript as Confidential Information. At or before the end of such twenty (20) day period, counsel for any of the Parties or the deponent may designate the portions of the deponent's deposition that qualify as Confidential Information by page number. Such designation shall be communicated in writing to all Parties. Any Party or deponent may also designate specific testimony, exhibits, or transcript pages as Confidential Information by notice on the record at the time of the deposition. The appropriate pages of the

4

transcript designated as Confidential Information shall be stamped "Confidential" by the court reporter.

9. This Order shall not preclude counsel for the Parties from using during any deposition in this action any Documents or information which have been designated as Confidential Information under the terms hereof.

10. A Party may designate as Confidential Information any Document produced or given by any non-party to this action, or any portion thereof. Such designation shall be made by notifying all counsel in writing of those Documents which are to be stamped and treated as such at any time up to twenty (20) days after actual receipt of copies of those Documents by counsel for the Party asserting the confidentiality designation. Prior to the expiration of such twenty (20) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents shall be treated as Confidential Information.

11. Any Confidential Information, and any court papers containing or referring to Confidential Information, if filed, shall be filed under seal in accordance with applicable provisions of LR 5.1.2(7).

12. In the event of a dispute between the Parties as to the propriety of any Documents designated as Confidential Information, any Party may, after attempting to resolve the matter by agreement, apply to the Court for a ruling that any Documents designated as Confidential Information, are not entitled to confidential status or protection. It is understood and agreed that the Producing Party will have the burden of establishing the grounds for confidential treatment of the Document at issue. The confidential status of the Documents at issue shall be maintained pending the Court's ruling and any appeal therefrom.

5

13.   The Parties shall not be obligated to challenge the propriety of any designation of a Document as Confidential Information, and the failure to do so shall not preclude any subsequent challenge to such designation.

14.   A Party or person may request the return of any Confidential Information that was inadvertently produced without first being stamped "CONFIDENTIAL" or the equivalent. Any such inadvertent production will not be considered to constitute a waiver of any claim of confidentiality with respect to the Document(s) or with respect to any other matter. In the event of such inadvertent production, the Parties shall proceed as follows:

    a.   A request for the return of any Document(s) claimed to be confidential shall be made by serving written notice on the Party to which the Document(s) was produced, along with a duplicate copy of the Documents in question that are appropriately stamped "CONFIDENTIAL" or the equivalent.

    b.   The Party receiving the request shall return the Documents that were inadvertently not stamped "CONFIDENTIAL" or the equivalent within ten (10) calendar days of the producing Party's request for the return of the Documents.

    c.   The Parties will not challenge the "inadvertence" of any production of Confidential Information without a "CONFIDENTIAL" or equivalent stamp.

15.   A Party or person may request the return of any inadvertently produced Document(s) as to which the Party or person claims a privilege. Any such inadvertent production in and of itself will not be considered to constitute a waiver of any claim of privilege with respect to the Document(s) or with respect to any other matter. In the event of such

6

inadvertent production, the Parties will proceed as follows:

    a. A request for the return of any Document(s) claimed to be privileged shall be made by serving written notice on the Party to which the Document(s) was produced. The written notice shall identify the Document(s) produced and the basis for the claimed privilege.

    b. The Parties will not challenge the "inadvertence" of any production of privileged information, and may challenge the return of any such Document only on the ground that it does not contain privileged information.

    c. If the Parties cannot agree upon the return of any Document(s) claimed to contain privileged information, the producing Party may file an appropriate motion with the Court.

    d. The request pursuant to this stipulation for return of any Document(s) claimed to be privileged shall be made no later than ninety (90) days prior the trial date in this Action or fourteen (14) days after the Parties serve their trial exhibit lists, whichever date is later. Thereafter the provisions of this paragraph 15 shall no longer apply.

16. Any production in this action by any Party of unredacted bills or invoices for legal or consulting services provided to any Party (i) shall be subject to this Order; (ii) shall not in and of itself constitute a waiver of the attorney-client, work product doctrine or other applicable privilege or doctrine; (iii) is without prejudice with respect to any further productions; and (iv) is without prejudice to the Parties' positions during the course of this litigation.

17. Nothing herein shall affect any Party's or person's right to object to any discovery

Case 2:11-cv-00459-RK   Document 15   Filed 05/31/11   Page 8 of 9
Case 2:11-cv-00459-RK   Document 14   Filed 05/25/11   Page 8 of 9

request, including the right to assert that no discovery should be had of certain Documents or information. Nor shall anything herein affect any Party's right to seek production of Documents, testimony or other information from any other source.

18. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or Documents revealed in the course of disclosure.

19. This Order shall continue to be binding after the conclusion of this action except that:(a) there shall be no restriction on Documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a Party may, at any time, seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any provisions of the Stipulation.

**KASOWITZ, BENSON TORRES & FRIEDMAN LLP**

By: _____
Robin L. Cohen
Sheri E. Hametz

1633 Broadway
New York, NY 10019
Phone: (212) 506-1700
Facsimile: (212) 506-1800

Attorneys for Plaintiff, G-I Holdings, Inc.

Dated: May 31, 2011

**WHITE AND WILLIAMS, LLP**

By: _____
Patricia B. Santelle
Gregory S. Capps

1800 One Liberty Place
1650 Market St.
Philadelphia, Pa 19103-7395
Phone: (215) 864-7000
Facsimile: (215) 864-7123

Attorneys for Defendant, Century Indemnity Company

**UNITED STATES DISTRICT COURT:**

_____
Robert F. Kelly, U.S.D.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| G-I HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendant. | Civ. A. No. 11-00459 |

## ACKNOWLEDGMENT AND CONSENT

I hereby certify that: (i) I have read the Stipulation and Order Concerning Confidential Documents and the Inadvertent Production of Privileged Documents (the "Order") that has been entered by the Court in this action, and I understand its terms; (ii) I understand that discovery material designated as Confidential Information under the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of material designated as Confidential and limiting the use of such material to the conduct of the action, as well as its provisions concerning the inadvertent production of privileged material; and (iv) I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for purposes of enforcement of the Order.

**Dated:**_____

**Signature:**_____